[Cite as *Pack v. Ohio Dept. of Transp.*, 2012-Ohio-3242.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS M. PACK

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2012-01198-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}   In his complaint, plaintiff, Thomas Pack, relates that on December 21, 2011, at approximately 6:13 p.m., he was "heading east on 40 to Route 310" when he "hit a pothole in the road." The impact damaged both passenger tires and bent the rims. Plaintiff related that two other vehicles also sustained damage from the same pothole.

{¶2}   Plaintiff filed this complaint seeking to recover $1,403.54, the estimated cost of two replacement tires, wheels, and related repair expenses as well as reimbursement of the filing fee. Plaintiff asserted he incurred these damages as a proximate result of negligence on the part of defendant, Ohio Department of Transportation (ODOT), in maintaining the roadway. The $25.00 filing fee was paid.

{¶3}   Defendant located the pothole on US 40 at milepost 5.195 in Licking County. According to defendant, no complaints regarding potholes near this location were received, during the six months prior to plaintiff's incident. Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant related that,

"[t]his section of roadway has an average daily traffic count" of over 7,900 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that the pothole existed on US 40 prior to his incident.

{¶4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant explained ODOT employees conduct roadway inspections on all state roadways within the county on a routine basis, "at least one to two times a month." Defendant asserted that the roadway was "in relatively good condition at the time of plaintiff's incident." Defendant denied ODOT employees were negligent in regard to roadway maintenance. Defendant argued that plaintiff failed to offer any evidence to prove that his property damage was attributable to any conduct on the part of ODOT personnel.

{¶5} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be

presented.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶10} In another case filed with this court, plaintiff Tonda Meadows filed a complaint stating that on December 1, 2011, while driving "eastbound on State Route 40, near the intersection of State Route 40 and State Route 310, I encountered a pothole" and the impact damaged her tire and rim. The court finds that in all likelihood plaintiff Pack struck the same pothole. Based upon plaintiff Meadows' sworn statement in Case No. 2012-02607, the court finds that ODOT had constructive notice of the pothole plaintiff hit. Moreover, there is no evidence defendant performed any pothole patching operations on US 40 in the six-month period prior to December 21, 2011.

{¶11} Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect on US 40 eastbound near the intersection with SR 310 at some time between December 1 and December 21, 2011. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is

free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Indeed, the trier of fact finds that there is no evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123. Conversely, the trier of fact finds the statements of plaintiffs Meadows and Pack persuasive that the roadway was not adequately maintained.

{¶12} Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $1,403.54, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

THOMAS M. PACK

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2012-01198-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,428.54, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Thomas M. Pack
2670 Darby Creek Drive
Grove City, Ohio 43123

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

Filed 5/24/12
sent to S.C. Reporter 7/18/12